UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JOHN ROBERT DEMOS, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:24-cv-2022-SHM-tmp |
| ) | |
| DONALD JOHN TRUMP, ) | |
| ) | |
|    Defendants. ) | |

**ORDER DISMISSING COMPLAINT (ECF NO. 1) PURSUANT TO 28 U.S.C. § 1915(g)**

On January 10, 2024, John Robert Demos, who is a three-strike filer under § 1915(g) of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq.* (the "PLRA"), filed: (1) a *pro se* civil complaint (ECF No. 1); and (2) a motion to proceed *in forma pauperis* (ECF No. 2). Demos is incarcerated at the Stafford Creek Correctional Center (the "SCCC") in Aberdeen, Washington. (ECF No. 1 at PageID 2.)

Under the PLRA, a prisoner bringing a civil action must pay the full civil filing fee. The PLRA merely provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. 28 U.S.C. § 1915(b)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs"), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Not all indigent prisoners are entitled to take advantage of the installment payment provisions of § 1915(b). Section 1915(g) provides as follows:

>In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"Such a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998). To satisfy the imminent danger exception, a prisoner must allege that a threat or prison condition is "real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted).

Demos has filed more than three previous civil actions in federal court that have been dismissed for failure to state a claim or as frivolous.[1] Demos may not file any further action in

---

[1] *See Demos v. Clinton, et al.*, No. 1:94-cv-939 (D.D.C. dismissed as frivolous on April 28, 1994); *Demos v. John Doe, Chairman, Coca-Cola*, No. 1:94-cv-16843 (N.D. Ga. dismissed as frivolous on March 4, 1995); *Demos v. John Doe, Chairman, Adolph Coors Co.*, No. 1:94-cv-1778 (D. Colo. dismissed as frivolous on August 1, 1994); *Demos v. Frito-Lay, et al.*, No. 3:94-cv-1805 (N.D. Tex. dismissed as failing to state a claim on November 7, 1994); *Demos v. John Doe*, No. 3:94-cv-2719 (N.D. Tex. dismissed as frivolous on January 12, 1995); *Demos v. John Doe, Leaf Inc.*, No. 1:94-cv-3817 (N.D. Ill. dismissed as frivolous on June 29, 1994); *Demos v. H.J. Heinz, Chairman*, No. 2:94-cv-4037 (E.D. Pa. dismissed as frivolous on July 6, 1994); *Demos v. John Doe, Chairman Mars Inc. Candy Co.*, No. 2:94-cv-4780 (D.N.J. dismissed as frivolous on September 30, 1994); *Demos v. John Doe, Chairman, et al.*, No. 1:94-cv-4978 (N.D. Ill. dismissed as frivolous and for failure to state a claim on January 6, 1995); *Demos v. John Doe, Mfr., et al.*, No. 1:96-cv-743 (W.D. Mich. dismissed as frivolous on October 29, 2006); *Demos v. IRS*, No. 1:96-cv-1822 (D.D.C. dismissed as frivolous and for failure to state a claim on August 5, 1996) *Demos v. Director, Census Bureau*, No. 1:96-cv-1822 (D.D.C. dismissed as frivolous and for failure to state a claim on August 5, 1996); *Demos v. Director, Patent Office*, No. 1:96-cv-1824 (D.D.C. dismissed as frivolous and for failure to state a claim on August 5, 1996); *Demos v. Director, Mint Officer*, No. 1:96-cv-1825 (D.D.C. dismissed as frivolous and for failure to state a claim on August 5, 1995); *Demos v. Alan Greenspan, Chairman, Federal Reserve Bd.*, No. 1:96-cv-1926 (dismissed as frivolous and for failure to state a claim on which relief may be granted on August 6, 1996); *Demos v. Steven Sturka*, No. 96-cv-2267 (D.D.C. dismissed as frivolous on September 30, 1996); *Demos v. John Doe, Director American Correctional Ass'n, et al.*, No. 2:97-cv-599 (W.D. Wash. dismissed as frivolous and warned on June 23, 1997); *Demos v. T.M. Hatin*,

which he proceeds *in forma pauperis* unless he first demonstrates that he is under imminent danger of serious physical injury. The assessment of whether a prisoner is in imminent danger is made at the time the complaint is filed. *See*, *e.g.*, *Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner*, 290 F. App'x at 797-98.

Demos alleges claims under 42 U.S.C. §§ 1981 through 2000 based on alleged violations of: (1) Demos' Fourteenth Amendment due process and equal protection rights because of defendant's alleged engagement in insurrection, rebellion, and treason on January 6, 2023 [sic]; (2) Demos' rights under Article I, Section 9, Clause 2 of the Constitution because a shutdown of the United States government prevented Demos from petitioning the government for a redress of grievances; and (3) Article IV, Section 4 of the Constitution because on January 6, 2020 [sic] defendant allegedly orchestrated and authorized rebellion. (ECF No. 1 at PageID 1, 8, 10, 11 (collectively, the "Claims").) Demos sues former United States President Donald John Trump. (*Id*. at PageID 3.) Demos seeks: (1) "all-purpose damages" of ten million dollars ($10,000,000.00); (2) unspecified declaratory, injunctive, remedial, and prospective relief. (*Id*. at PageID 12.)

The complaint does not allege sufficient facts demonstrating that Demos is in imminent danger of serious physical injury as a result of the Defendant's actions alleged in the complaint. The complaint in this case does not come within the exception to 28 U.S.C. § 1915(g).

---

CEO, No. 1:97-cv-1819 (N.D. Ga. dismissed as frivolous on October 7, 1997); *Demos v. Scott Paper Co., et al*., No. 2:97-cv-4109 (E.D. Pa. dismissed as frivolous on January 22, 1998); *Demos v. Hunt Oil Co*., 2:00-cv-44 (D. Wyo. dismissed as frivolous and for failure to state a claim on May 9, 2000); *Demos v. James R. Mellor*, 7:00-cv-187 (W.D. Va. dismissed as frivolous on March 9, 2000); *Demos v. Thomas J. Usher*, No. 2:00-cv-381 (W.D. Pa. dismissed as frivolous on May 17, 2000); *Demos v. John Doe*, No. 1:00-cv-594 (N.D. Ga. dismissed as frivolous on March 29, 2000); *Demos v. Daniel Motellep*, No. 1:00-cv-747 (S.D. Fla. dismissed as frivolous on March 23, 2000); and *Demos v. John Doe, CEO of Marathon Oil Co*., No. 3:00-cv-7158 (N.D. Ohio dismissed as frivolous on May 15, 2000).

Demos' complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE. The Court will re-open this case on a motion that (1) shall be filed by Demos WITHIN TWENTY-EIGHT (28) DAYS and (2) is accompanied by the FULL CIVIL FILING FEE. If Demos fails to timely comply, this case will be dismissed with prejudice and judgment entered without further notice.

IT IS SO ORDERED, this 23rd day of February, 2024.

                                               */s/ Samuel H. Mays, Jr.*
                                               SAMUEL H. MAYS, JR.
                                               UNITED STATES DISTRICT JUDGE